```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | * |
| Plaintiff | * |
| v. | * CIVIL NO.: WDQ-04-3129 |
| FEDERAL EXPRESS CORPORATION | * |
| Defendant. | * |

MEMORANDUM OPINION AND ORDER

The U.S. Employment Opportunity Commission ("EEOC"), on behalf of Ronald Lockhart, sued Federal Express Corporation ("FedEx") for violations of the Americans with Disabilities Act[1] (the "ADA"). The case was tried in March 2006. The jury found that FedEx had engaged in intentional discrimination by failing to provide reasonable accommodations for Lockhart. The jury also determined that FedEx higher management officials had acted with malice or reckless indifference to Lockhart's federally protected rights. The jury awarded Lockhart $8,000 in compensatory damages, and $100,000 in punitive damages. By awarding punitive damages, the jury rejected FedEx's good faith efforts defense.

Pending are FedEx's motion for judgment as a matter of law ("JNOV") on punitive damages or, alternatively, for remittitur, and the EEOC's motion for equitable relief. For the reasons discussed below, FedEx's motion for JNOV on punitive damages or for

---

[1] 42 U.S.C. § 12101 et seq. (2006).

1

remittitur will be denied, and the EEOC's motion for equitable relief will be granted in part and denied in part.

A. Motion for JNOV, or in the alternative, for Remittitur

The Court may grant a motion for JNOV under Federal Rule of Civil Procedure 50(b) only if there was no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. *See Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). The Court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence. *Pathways Psychosoical v. Town of Leonardtown*, 223 F.Supp. 2d 699, 706 (D. Md. 2002). If reasonable minds could differ, the Court must deny the motion. *Id.*

Punitive damages are appropriate if a managerial employee, acting within the scope of his employment, violates the ADA "with malice or reckless indifference to the federally protected rights of a disabled individual." *See* Lowery v. Circuit City Stores, Inc., 206 F.3d 431, 443 (4th Cir. 2000); 42 U.S.C. 1981a(b)(1). Despite its employee's conduct, an employer may avoid punitive damages, if it engaged in good faith efforts to comply with the ADA. *See Kolstad v. American Dental Assoc.*, 527 U.S. 526, 535 (1999).

FedEx has moved for JNOV on punitive damages arguing that the evidence does not support that 1) FedEx managerial employees acted with malice or reckless indifference to Lockhart's entitlement to a reasonable accommodation, and 2) FedEx did not engage in good faith efforts to comply with the ADA.

FedEx contends that its managers--Cofield and Hanratty--provided Lockhart with reasonable accommodations such as notes, meeting handouts, and closed-captioned videotapes. FedEx, therefore, argues that there was no basis for the jury to find that they acted in disregard of Lockhart's needs. Even assuming that Cofield and Hanratty recklessly disregarded Lockhart's disability, FedEx argues that the company made good faith efforts to comply with the ADA. Specifically, FedEx contends that it implemented a company wide anti-discrimination policy regarding disabled employees. The EEOC, however, produced sufficient evidence--accepted by the jury--contradicting FedEx's contentions. FedEx, therefore, has failed to prove that there was insufficient evidence for the verdict. The Court will decline FedEx's invitation to weigh the evidence and draw all inferences in its favor. *See Imgarten v. Bellboy Corp.*, 383 F.Supp. 2d 825, 844 (D.Md. 2005).

Alternatively, FedEx argues that remittitur is appropriate because the jury's punitive damages award was excessive.

Under principles of remittitur, a trial judge may reduce the amount of damages awarded by a jury where the damages are grossly excessive and cannot be justified by the record. *Holman v. Mark Industries, Inc.*, 610 F. Supp. 1195, 1204-05 (D. Md. 1985), *aff'd*, 796 F.2d 473 (4th Cir. 1986). Upon properly finding that FedEx acted with malice or reckless indifference to Lockhart's federally protected rights, the jury awarded $100,000 in punitive damages. The statutory cap for an employer of FedEx's size is

3

$300,000. See 42 U.S.C. §1981a(b)(3)(D). As the award in this case falls within the range that Congress has determined to be reasonable, remittitur is inappropriate. See *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1249 (10th Cir. 1999) (rejecting argument that one-fourth of statutory maximum was excessive).

Accordingly, the Defendants' motion for JNOV on punitive damages or for remittitur will be denied.

B.   Motion for Equitable Relief

The EEOC requests an order enjoining FedEx from further denying reasonable accommodations to its disabled employees, requiring an ADA manager training program and posting of a notice to employees informing them of their ADA rights.

The Court has the authority to order injunctive and equitable relief if it finds that the defendant has intentionally engaged...in an unlawful employment practice..." 42 U.S.C. 2000e-5(g)(1).[2]

Although the Court will grant some equitable relief, it is inappropriate to enjoin FedEx to obey the law. The ADA remains in effect, and an injunction to obey that law would "add nothing". *E.E.O.C. v. Wal-Mart Stores, Inc.*, No.99-CV-106-DRH, 2000 WL 1162029, at *4 (S.D. Ill. Jun. 29, 2000) (denying EEOC's request for permanent injunction against retaliatory discharge of employees).

---

[2]This section is incorporated into Section 107(a) of the ADA. See 42 U.S.C. § 12117(a).

The Court will require mandatory ADA training for FedEx managers. FedEx contends that court-ordered ADA training would be unnecessarily duplicative of its previous training efforts. The evidence at trial established that FedEx managers at BWI were unaware of the company's policy on disabled employees. Additionally, the Court will order FedEx to post a notice at its Baltimore Ramp reminding its employees of FedEx's ADA Policies.

Accordingly, the EEOC's motion for equitable relief will be granted in part and denied in part.

CONCLUSION

For the reasons discussed above, FedEx's motion for JNOV on punitive damages or for remittitur will be denied, and the EEOC's motion for equitable relief will be granted in part and denied in part.

_4/25/6_
Date

_____
William D. Quarles, Jr.
United States District Judge